UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIELLE FREEMAN, *et al.*,
    Plaintiffs

v.

MEDSTAR HEALTH INC., *et al.*,
    Defendants

Civil Action No. 14-628 (CKK)

**MEMORANDUM OPINION and ORDER**
(April 8, 2015)

Eighteen individual plaintiffs bring this putative class and collective action against MedStar Health, Inc. ("MedStar") and against six MedStar hospitals. The hospital defendants are two District of Columbia hospitals—Washington Hospital Center and Georgetown University Hospital—and four Maryland hospitals—Franklin Square Hospital, Harbor Hospital, St. Mary's Hospital, and Union Memorial Hospital. Essentially, Plaintiffs claim that they were not paid for work that they conducted during their meal breaks. All plaintiffs bring Fair Labor Standards Act ("FLSA") overtime and minimum wage claims on their own behalf and on behalf of putative collectives of employees (Count I). The plaintiffs employed at the D.C. hospitals bring overtime and minimum wage claims pursuant to the D.C. Minimum Wage Act (Count II) on their own behalf and on behalf of putative collectives of employees. The plaintiffs employed at the Maryland hospitals bring overtime and minimum wage claims pursuant to the Maryland Wage and Hour Law (Count III) and claims pursuant to the Maryland Wage Payment Collection Law (Count IV) on their own behalf and on behalf of putative classes of employees. Before the Court are Defendants' [24] Motion to Dismiss Plaintiffs' Amended Complaint and Defendants' [31] Motion to Sever and Drop Plaintiffs for Misjoinder. Upon consideration of the pleadings,[1] the

---

[1] The Court's consideration has focused on the following documents:

1

relevant legal authorities, and the record as a whole, the Court GRANTS-IN-PART and DENIES-IN-PART Defendants' [24] Motion to Dismiss Plaintiffs' Amended Complaint and DENIES Defendants' [31] Motion to Sever and Drop Plaintiffs for Misjoinder. Insofar as the Amended Complaint purports to state claims by individual plaintiffs against individual hospitals that they did not identify as their employers, the Court dismisses those claims, as explained further below; in all other respects, the Court DENIES the motion to dismiss. Having considered all of Defendants' remaining arguments in favor of dismissing this case, the Court concludes that each is without merit. Finally, the Court DENIES WITHOUT PREJUDICE Defendants' [31] Motion to Sever.

## I. BACKGROUND

For the purposes of the motions before the Court, the Court accepts as true the well-pleaded allegations in Plaintiff's Amended Complaint. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).

---

- Pl.'s Amended Complaint ("Compl."), ECF No. 8;
- Defs.' Mem. of Law in Supp. of their Mot. to Dismiss Pls.' Am. Compl. ("Defs.' Mot. to Dismiss"), ECF No. 25;
- Pls.' Mem. in Opp'n to Defs.' Mot. to Dismiss ("Pls.' Opp'n"), ECF No. 34;
- Defs.' Reply Br. In Supp. of Defs.' Mot. to Dismiss (Defs.' Reply), ECF No. 37;
- Defs.' Mot. to Sever & Drop Pls. for Misjoinder, ECF No. 31;
- Pls.' Mem. in Opp'n to Defs.' Mot. to Sever, ECF No. 35;
- Defs.' Reply in Supp. of its Mot. to Sever & Drop Pls.' for Misjoinder, ECF No. 42;
- Defs.' Notice of Supplemental Auth. in Supp. of Defs.' Mot. to Sever, ECF No. 43; and
- Pls.' Response to Defs.' Notice of Supplemental Authority, ECF No. 44.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

Given the nature of the motions before the Court, the Court reserves a presentation of relevant facts for the discussion of the individual issues below.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. District of Columbia Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citations omitted).

"A court may sever a party from an action if the permissive joinder requirements of Federal Rule of Civil Procedure 20(a) are not met." *Blount v. U.S. Sec. Associates*, 930 F. Supp. 2d 191, 193 (D.D.C. 2013) (citing Fed. R. Civ. P. 21; *Parks v. District of Columbia*, 275 F.R.D. 17, 18 (D.D.C. 2011)). The Federal Rules of Civil Procedure allow the joinder of claims by multiple plaintiffs "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" *and* if "any question of law or fact common to all plaintiffs will

arise in the action." Fed. R. Civ. P. 20(a)(1). "Under the Federal Rules of Civil Procedure, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Blount*, 930 F. Supp. 2d at 193 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). The prongs of Rule 20(a) "'are to be liberally construed in the interest of convenience and judicial economy ... in a manner that will secure the just, speedy, and inexpensive determination of th[e] action.'" *Spaeth v. Michigan State Univ. Coll. of Law*, 845 F. Supp. 2d 48, 53 (D.D.C. 2012) (quoting *Davidson v. Dist. of Columbia,* 736 F.Supp.2d 115, 119 (D.D.C. 2010)).

### III. DISCUSSION

The Court first discusses the issues pertaining to Defendant's Motion to Dismiss, concluding that dismissal of this action is not warranted. The Court then discusses Defendant's Motion to Sever, concluding that severance of the claims in this action is not appropriate at this time.

**A. Motion to Dismiss**

Defendants present several arguments as to why the Amended Complaint fails to state a claim against any of the defendants. The Court has reviewed each of those arguments and concludes that each fails. The Court discusses, in turn, those arguments.[2]

---

[2] The parties agree that the same analysis is applicable with respect to the FLSA claims, the D.C. Minimum Wage Act claims, and the Maryland Wage and Hour Law claims. The discussion of the FLSA claims below encompasses all claims brought by the several plaintiffs pursuant to these statutes. The Court separately addresses Defendants' specific argument pertaining to the Maryland Wage Payment Collection Law.

### 1. Pleading of Employer Status

Defendants first argue that Plaintiffs have failed to plead adequately, in the Amended Complaint, that each of the defendants is an employer of the plaintiffs and, therefore, that the defendants are not the proper subject of an FLSA action—or of the analogous state wage actions brought here. The Court disagrees.

The Amended Complaint includes an allegation for each of the eighteen plaintiffs stating the specific department and hospital in which that employee worked, as well as the employee's position within that department. *See* Am. Compl. ¶¶ 6-25. For example, with respect to Plaintiff Lisa Braswell, Plaintiffs allege that she "worked as a Medical Office Assistant 3 in the Cardiac Arrhythmia Center at Washington Hospital Center, was an 'employee' of Washington Hospital Center and MedStar as defined by the FLSA and DCMWA." *Id.* ¶ 6. These allegations are supported by declarations signed by the individual plaintiffs that also provides further details regarding their periods of employment at their respective employers. *See, e.g.*, Braswell Decl. ¶ 2. While Defendants argue that greater specificity is required to establish an employee-employer relationship with respect to the individual hospitals, the Court concludes that the allegations in the Amended Complaint are sufficient. The facts that Plaintiffs have pleaded—supported by declarations from each employee-plaintiff—are enough to support a plausible inference that each employee was employed by the defendant hospital identified by that employee. Further details, such as wage statements or other proof, are not required at the motion to dismiss stage. *See Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013).

With respect to MedStar, the Court concludes that each plaintiff has adequately pleaded that they have an employee-employer relationship with MedStar. Many "lower federal courts have articulated a four-factor 'economic reality' test for determining whether an individual is an

'employee' covered by the FLSA" although the D.C. Circuit Court of Appeals has not yet formally adopted that test. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994). Pursuant to that test, courts ask "'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (quoting *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)). In the Amended Complaint, Plaintiffs allege that MedStar set the policies underlying the alleged wage violations in this case by setting the labor budgets for each hospital and by establishing the time keeping systems for the various hospitals. *See* Am. Compl. ¶¶ 56, 60. The Court concludes that the Amended Complaint adequately pleads an employer relationship as is necessary to survive a motion to dismiss.

As a final matter, despite language in the Amended Complaint that may be read to suggest that each of the 18 plaintiffs brings claims against MedStar and against *each* of the six hospital defendants, the Court concludes that the Amended Complaint is best understood as asserting claims by each individual plaintiff only against the hospital that they allege was their employer, as well as against MedStar. *See* Pls.' Opp'n at 11 ("Plaintiffs clearly identify that they are or were employed by MedStar and a Hospital Defendant"). In other words, Plaintiff Lisa Braswell, who alleges working for Washington Hospital Center and for MedStar, is asserting wage claims against those two employers, not against the other five hospital employers. However, insofar as the Amended Complaint purports to assert claims by *each* of the 18 plaintiffs against *each* of the seven defendants, those claims would fail. While Plaintiffs allege that the various hospitals are subject to similar policies set by MedStar, they have not alleged any facts to suggest that an employee of one hospital is effectively an employee of all six hospitals

and that, therefore, that employee is able to assert wage claims against those hospitals, as well. In other words, Plaintiff Lisa Braswell has alleged that she is an employee of Washington Hospital Center, but she has not alleged that she was an employee of any of the other five individual hospital defendants. Therefore, she can assert claims against Washington Hospital Center and against MedStar, but not against the other individual hospitals. So, too, with respect each of the other 17 plaintiffs, each is able to assert claims against MedStar and the individual hospital where he or she works.[3]

### 2. Pleading of Compensable Work

As the basis for their several claims, Plaintiffs assert that they worked during their allotted meal breaks—engaging in various tasks—but were not compensated for that work. Defendants argue that Plaintiffs have not pleaded compensable work for which they were not paid because they did not allege the *amount* of time they spent working during their meal breaks. Plaintiffs respond that they need not plead, specifically, how much time they spent on various tasks and that the allegations that each plaintiff conducted certain enumerated tasks is enough at the pleading stage. The Court agrees with Plaintiffs.

Defendants argue that whether work during a meal break is compensable is determined by the "predominant benefit test." *See Hill v. United States*, 751 F.2d 810, 813 (6th Cir. 1984) (quoting *F.W. Stock & Sons v. Thompson*, 194 F.2d 493 (6th Cir. 1952)) ("Time spent predominantly for the employer's benefit during a period, although designated as a lunch period or under any other designation, nevertheless constitutes working time compensable under the

---

[3] Defendants also argue that, because Plaintiffs have failed to plead adequately employee-employer relationships, they lack standing to pursue these claims against Defendants. Because the Court concludes that each plaintiff has successfully pleaded an employee-employer relationship with respect to MedStar and with respect to an individual hospital defendant, the Court also concludes that each plaintiff has standing to bring this action.

provisions of the Fair Labor Standards Act."). Plaintiffs disagree about whether this is the appropriate test but argue that, even if this test is applied, they have adequately pleaded compensable work. The Court need not resolve the question of which test applies because even the cases on which Defendants rely lead the Court to conclude that Plaintiffs have sufficiently pleaded compensable but uncompensated work.

The predominant benefit test is applicable to specific activities—or periods of time—*within* a meal break, not to the *entirety* of a meal break. *See Summer v. Howard University*, 127 F. Supp. 2d 27, 34 (D.D.C. 2000) ("Applying the predominant benefit test to plaintiffs' meal-break claim requires the Court to ascertain whether the restrictions imposed on plaintiffs during their meal periods *cause them to engage in activities predominantly for the benefit* of defendant.") (emphasis added). Cases from other Circuits similarly support this conclusion. *See, e.g.*, *Hill*, 751 F.2d at 813 ("*Time spent* predominantly for the employer's benefit *during a period*, although designated as a lunch period or under any other designation, nevertheless constitutes working time compensable under the provisions of the Fair Labor Standards Act.") (emphasis added); *Reich v. S. New England Telecommunications Corp.*, 121 F.3d 58, 64 (2d Cir. 1997) ("To be consistent with the FLSA's use of the term "work" as construed in *Armour* and *Skidmore,* we believe [the applicable regulations] must be interpreted to require compensation for a meal break during which a worker performs activities predominantly for the benefit of the employer."). These cases suggest that a court ought to analyze whether a particular activity done during a meal break is for the benefit of the employer—not whether the entirety of a meal break is for the predominant benefit of the employer. Plaintiffs have individually alleged that they performed a variety of work activities during their meal breaks—from delivering linens to registering new patients. *See, e.g.*, Decl. of Donet Durrant ¶ 6; Decl. of Linda Hagan ¶ 6.

Defendants have not argued that these various activities, in and of themselves, are not activities predominantly for the benefit of their employers. Accordingly, the Court concludes that Plaintiffs have adequately pleaded conducting compensable work without pay during their meal breaks.

### 3.  Pleading of Minimum Wage and Overtime Claims

Defendants argue that Plaintiffs have not adequately pleaded their minimum wage and overtime claims pursuant to the FLSA and pursuant to D.C. and Maryland law. The Court disagrees and concludes Plaintiffs have pleaded these claims with the required specificity.

The Court first addresses the overtime claims. Defendants argue that the overtime claims fail because Plaintiffs have not provided evidence of specific weeks in which individual plaintiffs both worked more than 40 hours a week and were not paid overtime wages. As stated above, the essence of all of Plaintiffs' claims is that they worked during their meal breaks without compensation. They further allege that this meal break work ought to have been compensated at the overtime rate because the additional time worked during their meal breaks was over 40 hours per week. The FLSA's overtime provision "ordinarily requires employers to pay employees time-and-one-half for hours worked beyond forty per week unless the employees are exempt." *Smith v. Gov't Emps. Ins. Co.*, 590 F.3d 886, 888 (D.C. Cir. 2010); *see* 29 U.S.C. § 207(a). The Court agrees with another judge of this district that "it is sufficient for a plaintiff to allege, with some specificity, that he worked overtime and did not receive compensation." *Driscoll v. George Washington Univ.*, 42 F. Supp. 3d 52, 58-59 (D.D.C. 2012). "Where a complaint alleges, as [the] amended complaint does, that overtime hours were worked but overtime wages were not received, it sufficiently 'state[s] a claim to relief that is plausible on its face.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). The Court agrees with Plaintiffs that it is not necessary for the Amended Complaint to enumerate specific weeks during which overtime violations occurred. Instead, it is

enough, to survive a motion to dismiss, that each plaintiff has asserted that the underlying violations occurred numerous times, with unpaid work occurring during between 50% and nearly 100% of the meal breaks for the several individual plaintiffs, and that they each worked over 40 hours a week as a result. *See, e.g.*, Braswell Decl. ¶ 6 (work during nearly 100% of unpaid meal breaks); Brown Decl. ¶ 6 (same); Curtis Decl. ¶ 7 (work during 50% of unpaid meal breaks); Freeman Decl. ¶ 6 (work during 70% of unpaid meal breaks).

With respect to the minimum wage claims, Defendants argue that the claims are deficiently pleaded because Plaintiffs have not pleaded information about the amount of time that they allegedly spent performing tasks during their meal breaks. Defendants further argue that Plaintiffs have not pleaded adequately that the amount of time was more than *de minimis*. "Several circuits have now agreed that courts applying the *de minimis* rule should consider three things: (1) the practical difficulty of recording the compensable time, (2) the aggregate amount of time at issue, and (3) the regularity with which the task is performed." *Lesane v. Winter*, 866 F. Supp. 2d 1, 7-8 (D.D.C. 2011). The Court concludes that this standard is best applied after further factual development and that, for the purposes of a motion to dismiss, Plaintiffs' enumeration of the types of tasks that they, severally, performed during their meal breaks, together with the allegation that they worked more than a *de minimis* time, is enough. *See, e.g.*, Braswell Decl. ¶ 6 (work included responding to emergency situations, responding to instructions, providing patient care); Curtis Decl. ¶ 7 (work included cleaning the emergency room, making beds, and other housekeeping duties). The Court furthermore concludes, as it did with respect to the overtime claims, that it is not necessary for Plaintiffs to allege specific dates on which violations occurred. Plaintiffs' allegations regarding the frequency of the violations and

the nature of their meal break work are sufficient for the purpose of resolving the motion to dismiss now pending.

Defendants also specifically argue that the Plaintiffs have not adequately pleaded their claim pursuant to the Maryland Wage Payment Collection Law. The Court disagrees. For all of the reasons stated above, the Court also concludes that Plaintiffs have adequately pleaded this claim by virtue of their allegations regarding unpaid work during their meal breaks. Plaintiffs need not identify specific instances of violations in order to survive a motion to dismiss. Accordingly, the Court concludes that Plaintiffs have adequately alleged that Defendants unlawfully deducted wages as a result of their failure to pay Plaintiffs, severally, for work conducted during meal breaks.

In sum, the Court concludes that Defendants' arguments that Plaintiffs have failed to adequately plead the several wage claims are unsuccessful.

### 4. Collective Bargaining Agreement

Defendants argue, with respect to two of the named plaintiffs and with respect to other putative class and collective members, that the claims in this action are preempted by the Labor Management Relations Act ("LMRA") because they relate to a Collective Bargaining Agreement applicable to those plaintiffs. Plaintiffs respond, first, that, because Defendants attached the Collective Bargaining Agreement to their motion to dismiss—and Plaintiffs did not attach it to the Complaint—relying on the Agreement transforms the motion to dismiss into a motion for summary judgment. Plaintiffs argue that such a motion for summary judgment fails at this stage. Plaintiffs next respond that, regardless of whether the motion is converted into one for summary judgment, the claims are not preempted because the sources of Plaintiffs' claims are statutory rights outside of the Agreement. The Court cannot conclude, based on the pleadings alone, that

these claims are preempted and, therefore, the Court denies Defendants' request to dismiss the claims as to these plaintiffs.

"[W]here an employee's claim is 'based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers,' the policy considerations underlying the LMRA simply do not apply. As a result, Section 301 does not preempt a claim where the employee is vindicating a non-negotiable and mandatory right originating outside of the CBA." *Bratton v. Starwood Hotels & Resorts Worldwide, Inc.*, No. CV 13-2063 (RC), 2014 WL 4100110, at *3 (D.D.C. Aug. 21, 2014) (citation omitted).

Because Plaintiffs do not bring claims under the Collective Bargaining Agreement, the Court cannot consider the Agreement without converting the pending motion to a motion for summary judgment. *See Nakahata*, 723 F.3d at 203 ("We cannot affirm the dismissal on the basis of LMRA preemption pursuant to Rule 12(b)(6) because such dismissal was premised on matter outside of the pleadings, and was, therefore, inappropriate."). In this case, further factual development is necessary before the Court can rule on any such motion for summary judgment. "It is a defendant's responsibility to raise preemption by the CBA as a defense, but, as discussed above, a motion addressed to the adequacy of the pleadings is not necessarily the proper place for preemption to be decided." *Id.* Because preemption cannot be readily discerned from the pleadings alone, it would be improper to resolve the question of preemption at this stage.[4] *See id.*

---

[4] The Court simply notes that the minimum wage and overtime claims brought by Plaintiffs arise under Federal and state law, rather than under the Collective Bargaining Agreement. Although Defendants are correct that Collective Bargaining Agreement contains numerous provisions that relate to hours, including meal breaks, Plaintiffs are bringing statutory claims, and the Collective Bargaining Agreement does not purport to modify or waive the employers' obligations under the relevant state or Federal statutes.

### 5. Class and Collective Allegations

Defendants also argue that the class and collective allegations are insufficient and should be dismissed. The Court disagrees. Insofar as this argument is based on Defendants' other arguments as to the sufficiency of the several claims with respect to the named plaintiffs, because the Court rejects those arguments today, it also rejects those arguments as applied to the collective and class allegations. In addition, the Court concludes that, for the purpose of a motion to dismiss, Plaintiffs have adequately alleged that the named plaintiffs are similarly situated to the putative class and collective members. Further analysis of the scope of potential classes and collectives will be appropriate upon a motion for conditional certification—rather that in response to the currently pending motion to dismiss.

## B.  Motion to Sever

Defendants argue that the claims joined in this action should be severed—and that all plaintiffs other than the first named plaintiff should be dropped from this action—because they are not properly joined. Federal Rule of Civil Procedure 20 allows the joinder of claims by multiple plaintiffs where they assert claims "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20. "Misjoinder of parties is not a ground for dismissing an action." Federal Rule of Civil Procedure 21 states that "the court may at any time, on just terms, add or drop a party." The Court concludes, in its discretion, that severing any claims or dropping any parties is not proper at this time. That question would be more properly addressed after further factual development, specifically after resolving a motion

for conditional certification in this case.[5] Therefore, the Court denies Plaintiffs' request to sever the claims in this action or drop plaintiffs from this action.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants' [24] Motion to Dismiss Plaintiffs' Amended Complaint is GRANTED-IN-PART and DENIED-IN-PART. The Court GRANTS Defendants' Motion to Dismiss insofar as the Amended Complaint purports to assert claims by individual plaintiffs against individual hospital defendants that they did not identify as their individual employer and DENIES that Motion in all other respects.

It is further **ORDERED** that Defendants' [31] Motion to Sever and Drop Plaintiffs for Misjoinder is DENIED WITHOUT PREJUDICE.

Dated: April 8, 2015

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[5] Defendants rely on various cases in which courts have denied requests for joinder or have dropped parties *after* refusing to certify a class or after de-certifying a class. *See, e.g.*, *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010). It is true that the Court previously denied-in-part and granted-in-part a motion for conditional certification in a related case pending before this Court. *See Dinkel v. MedStar Health, Inc.*, 880 F. Supp. 2d 49, 58-59 (D.D.C. 2012). However, the Court concludes that the relationship between the certification decision in *Dinkel* and this case does not require severing any claims or dropping any plaintiffs at this stage in this action.