UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIELLE FREEMAN, *et al.*,
    Plaintiffs

v.

MEDSTAR HEALTH INC., *et al.*,
    Defendants

Civil Action No. 14-628 (CKK)

**MEMORANDUM OPINION and ORDER**
(March 31, 2016)

Before the Court is Defendants' [87] Motion to Partially Dismiss Plaintiffs' Fourth Amended Complaint for Lack of Service. Defendants seek for all claims against Good Samaritan Hospital to be dismissed in light of Plaintiffs' failure to serve the Fourth Amended Complaint within the allowable time frame under Federal Rule of Civil Procedure 4(m). That motion is **DENIED WITHOUT PREJUDICE**.

Rule 4(m), as amended on December 1, 2015, provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[1]

On October 8, 2015, the Court granted leave for the filing of the Fourth Amended Complaint, which includes individual claims against Good Samaritan Hospital. The Court ordered Plaintiffs to promptly serve the Fourth Amended Complaint on Good Samaritan Hospital. *See* Minute Order dated October 8, 2015. Notwithstanding the timeline set by Rule 4(m) and the Court's instruction to promptly serve that defendant, Plaintiffs did not attempt to serve Good Samaritan Hospital until after Defendants filed the pending motion to dismiss—159 days after the Court allowed the amended complaint to be filed. It was not until two days after Defendants filed the pending motion that Plaintiffs even requested a summons to be issued by the Clerk of the Court.

Complying with this Court's Orders and the governing rules is essential. Failing to do so is simply unacceptable, and Plaintiffs have provided no excuse for their lack of compliance with the applicable requirements.

---

[1] Prior to the 2015 amendments, Rule 4(m) allowed 120 days for service. That distinction is of no moment to the Court's resolution of the pending motion.

1

That said, in this instance, the Court will not visits the sins of the lawyers on the clients. Therefore, under the Court's discretion under Rule 4(m), the Court determines it is proper to extend the time to serve Good Samaritan Hospital rather than dismissing the claims against that defendant. Dismissing those claims now would not be in the interest of justice.

While the Court denies the motion to dismiss notwithstanding Plaintiffs' counsel's failures in these circumstances, the parties shall not assume the Court will excuse counsel's failures at any point in the future. The Court fully expects all parties and their attorneys to closely monitor deadlines in this case in order to comply with them, and the Court expects full compliance with *all* applicable rules and orders of this Court—with no exceptions.

For all of these reasons, it is hereby **ORDERED** that Plaintiffs shall serve the Fourth Amended Complaint on Good Samaritan Hospital and file proof of service on the docket by no later than **APRIL 18, 2016**. If they do not do so, the Court **will dismiss** the claims against Good Samaritan Hospital at that time.

It is further **ORDERED** that Defendants' [87] Motion to Partially Dismiss is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that the Clerk of the Court shall issue forthwith a summons in response to Plaintiffs' [88] Request for Summons to Issue.

**SO ORDERED.**

                                                 /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge