# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEGGY DINKEL, VALARIE GADSON, AND DEIDRE BECKFORD, for themselves and all others similarly situated,<br>    Plaintiffs,<br>    v.<br>MEDSTAR HEALTH INC. and WASHINGTON HOSPITAL CENTER,<br>    Defendants. | Civil Action No. 11-998 (CKK) |
| DANIELLE FREEMAN, *et al.*,<br>    Plaintiffs,<br>    v.<br>MEDSTAR HEALTH INC., *et al.*,<br>    Defendants. | Civil Action No. 14-628 (CKK) |

## ORDER
(March 4, 2019)

THIS MATTER is before the Court on: (1) the Parties' [179] Joint Motion to consolidate the *Dinkel, et al. v. MedStar Health Inc.* (D.D.C. No. 11-998) (*"Dinkel")* and *Freeman, et al. v. MedStar Health, Inc.* (D.D.C. Case No. 14-628) ("*Freeman*") actions and file a Consolidated Amended Complaint ("Consolidation Motion"); and (2) Plaintiffs' [180] Unopposed Motion for approval of a Fair Labor Standards Act ("FLSA") settlement and an award of attorneys' fees, costs and service awards ("Approval Motion"). Having reviewed the motions, the Parties' settlement papers, and the Parties' November 16, 2018, and March 1, 2019, responses to the Court's questions, it is:

**ORDERED AND ADJUDGED** as follows:

1.     Plaintiffs' Consolidation Motion is **GRANTED** and the *Dinkel* and *Freeman* cases are hereby **CONSOLIDATED**. Plaintiffs are granted leave to file the Consolidated Amended

1

Complaint attached as Exhibit A to the [184] Joint Response to the Court's October 17, 2018 Order.

2. Plaintiffs' Approval Motion is **GRANTED**.

3. The Court finds that the Parties' settlement in this action is a fair, reasonable and just resolution of a *bona fide* dispute involving claims under the FLSA, the District of Columbia Minimum Wage Revision Act ("DCMWA"), the Maryland Wage and Hour Law ("MWHL") and the Maryland Wage Payment Collection Law ("MWPCL"), and in the best interests of the Settlement Plaintiffs. The Parties' settlement is approved, the terms of their Settlement Agreement are incorporated herein (and as modified by the first joint modification filed by the parties, ECF No. 181), and the Court hereby directs the consummation of its terms and provisions. Specifically, the Court approves the Maximum Gross Settlement Amount, to be allocated as described in the Settlement Agreement except as expressly modified below:

   a. $212,000 to the *Dinkel* and *Freeman* Meal Break Plaintiffs, consisting of the *Dinkel* meal-break work collective and *Freeman* meal-break work collective, as those collectives are defined in Sections II.A.1 and II.A.2 of the Settlement Agreement;

   b. $55,548.73 to the Unpaid Work Plaintiffs, as that group is defined in Section II.A.3 of the Settlement Agreement, which sum represents an increase from the amount described in Section V.A.2 of the Settlement Agreement due to the re-allocation of funds that Plaintiffs originally proposed to award in attorneys' fees and costs;

   c. $35,000 in Enhancement Awards for Plaintiffs Deidre Beckford, Lisa Braswell, Margaret Brown, Peggy Dinkel, Donet Durrant, Dorothy Eggleston, Danielle Freeman, Valarie Gadson, Melissa Gayle, Cherry Graziosi, Claudia Green,

>   Cathleen Keller, Donna Lawrence, Christopher Montalvo, Ann Pierce, and Lorraine Tyeryar; and
>
>   d. $200,000.00 in attorneys' fees and $97,451.27 in cost reimbursement ($297,451.27 total), as Class Counsel requested in the alternative, with these sums to be paid from the Maximum Gross Settlement Amount in full compromise and satisfaction of all attorneys' fees, costs and expenses incurred by Class Counsel as specified in the Settlement Agreement.  The Court has rejected Class Counsel's original request of $211,856.99 in attorneys' fees and $98,143.01 in cost reimbursement, because those fees exceed the cap to which the Parties agreed in Section IV.C.1 of the Settlement Agreement, and those costs exceed the costs that counsel actually incurred.  *See, e.g.*, Joint Resp. to the Ct.'s Feb. 8, 2019 Order, ECF No. 187, at 7. Although the Court views Plaintiffs' counsel's share of the Maximum Gross Settlement Amount to be on the higher side, the Court finds the request to be justified based on Plaintiffs' rationale for the size of their own awards as well as the work expended by counsel to secure those awards.

4. Upon substitution of a consolidated case caption, the Parties' agreed form of Notice of Settlement ("Notice") is approved and authorized for mailing to the Settlement Plaintiffs along with their settlement payment. The proposed Notice clearly and succinctly describes the nature of the Litigation, the individuals who are authorized to participate in the Settlement, and the claims released by the Settlement Plaintiffs. The proposed Notice also apprises the Settlement Plaintiffs that, upon cashing (or otherwise negotiating) their respective settlement checks, they will be enjoined from pursuing any claims released under the Agreement.

3

5. RG/2 is hereby approved and appointed to serve as the Settlement Administrator for this action.

6. All Settlement Plaintiffs hereby release, and are barred and permanently enjoined from prosecuting, commencing or continuing any and all Released Claims as set forth in Section V.F.1 of the Settlement Agreement against Releasees as defined in the Settlement Agreement. All Enhancement Award Plaintiffs hereby release, and are barred and permanently enjoined from prosecuting, commencing or continuing any and all Released Claims as set forth in Section V.F.2 of the Settlement Agreement against Releasees as defined in the Settlement Agreement upon the execution of a General Release as set forth in Sections IV.D and V.F.2 of the Settlement Agreement.

7. This Court hereby **DISMISSES** this consolidated action, and hereby **DISMISSES** all Released Claims based on the settlement and without costs to any of the Parties as against any other settling Party, except as provided in the Settlement Agreement.

8. The Court retains jurisdiction over the claims alleged and the Parties in the Lawsuits to implement and supervise the Parties' Agreement and enforce the terms of this settlement.

**SO ORDERED.**

Dated: March 4, 2019

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge